(No. 907—Claimant awarded $2,500.00.)

·LESLIE OWENS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

RESPONDEAT SUPERIOR—*no liability. Social justice and equity.* Although the State is not liable for injuries sustained by its employees in the discharge of their duty, yet an award may be made to such employee on the ground of social justice and equity.

W. ST. JOHN WINES, for claimant.

OSCAR E. CARLSTROM, Attorney General; S. S. DuHAMEL, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is a suit brought by Leslie Owens, claimant, for personal injuries received while in employment of the State and while in discharge of his duties as game warden of the State. The facts in the case are about as follows:

On October 31, 1924, claimant as fish and game warden of Illinois was ordered by W. J. Stratton, chief game and fish warden, to go to a cabin boat on the Illinois river near Glasford in Peoria county to investigate a violation of the fish and game laws of Illinois and in pursuance of said orders went to said boat and to the lodging place of one Mike Vegetta, whom he informed as to his business, stating who he, claimant was.

Then and there the said Vegetta made an assault upon claimant with a knife, and claimant was compelled to shoot him twice before he checked the attack.

Claimant threw up his arm to ward off the attack of Vegetta with the knife and shot himself through the left forearm; and a desperate struggle ensued and claimant shot a second time so that he discontinued the struggle, and was taken into custody, and claimant was forced to seek medical aid at once, at the hospital at Peoria for a good while and then removed to the Presbyterian Hospital at Chicago where his arm was operated upon again and treated for a bad arm and wrist, all of which services cost him $500.00.

The court ordered that claimant be brought before the court for oral and physical examination. Mr. Owens and Mr. Stratton both came before the court and gave oral testimony to the above effect. They both state that claimant has practically lost use of left arm; and on demonstration it is shown

to the court that he has little use of the arm. Mr. Stratton confirms all this in his oral evidence before the court. It is evident to the court that claimant, at time he received the injury, was in line of duty, in the employment of the State, acted in necessary self defense and accidentally without fault on his part, wounded himself. The Attorney General was present in court at the time of taking this evidence, and makes no objection to allowance of claim, although a demurrer is filed. Upon such hearing the court hereby awards claimant the sum of $2,500.00.